JAMES P. GALLOWAY *et al.*, Plaintiffs; S. W. BICKLEY, Appellant, v. CHICAGO & ALTON RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, January 19, 1897.

**Parties, Substitution of After Entry of Final Judgment.** One asking to be substituted as party plaintiff in an action after final judgment and decree entered, on the ground that he has purchased plaintiff's interest in the subject-matter of the action, whose grantor was not a party to such action when the final judgment and decree was entered therein, has no standing in court.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

No briefs filed.

BLAND, P. J.—On the eighth day of December, 1871, one James P. Galloway instituted a suit against the defendant herein to recover damages for an unlawful entry and trespass on certain lots situated in the city of Mexico in Audrain county. Galloway was the owner of the property at that time, and the defendant had erected thereon a freight depot. The lots were adjacent to the right of way of defendant's railroad, and there seemed to be a controversy between the parties as to the true dividing line between the properties. On March 8, 1873, and during the pendency of the action the parties agreed on a settlement

of their differences. It was stipulated in writing between them that the surveyor of the county should ascertain the true dividing line, and if it was ascertained that the defendant was occupying any portion of Galloway's land, then the commissioners, who had recently condemned the right of way for defendant's road, should determine the value of the land so occupied at the same rate per square rod as the assessment made by them in the first assessment of damages, and that upon the payment by the defendant of the amount so found (if any) at the next term of the court, to wit, June, 1873, that a judgment should be entered in favor of the defendant in the pending action for trespass, each party to pay one half of the costs. In pursuance of this agreement the parties appeared at the June term of the court, to wit, on the twentieth day of August, 1873, and by consent of parties the action of trespass was dismissed at the cost of the defendant, and the judgment entry recited the further facts that upon the application of defendant for the condemnation of the land for the purpose of a depot and side tracks, Galloway appeared and consented to its condemnation, and a decree was entered accordingly, and the costs were taxed against the defendant. The judgment does not show the amount of damages agreed on, nor does the record show that they were paid.

On the same day that the foregoing judgment or decree was entered, to wit, August 20, 1873, one George D. Ferris, filed a motion in the trespass suit, asking to be made a party plaintiff, for the reason that since the institution of the suit he had purchased Galloway's interest in the property in question. The motion was not acted on at that term. At the succeeding term the motion was sustained and Ferris was

VOL. 68 app—32

substituted as party plaintiff instead of Galloway. For some unexplained and unaccountable reason, the cause was placed on the docket of the succeeding term, notwithstanding the final judgment of dismissal. Nothing else was done in the case, until the twenty-sixth day of May, 1896. On that day S. W. Bickley asked to be substituted as a party plaintiff in the action. He alleged in his motion that he had purchased the land in controversy from Ferris. At the succeeding June term the case was placed on the docket. The defendant appeared to and resisted the motion. On the hearing of the motion Bickley introduced evidence tending to prove that on the twenty-ninth day of January, 1896, he bought the interest of Ferris in the land, and that Ferris was the owner thereof at the time the judgment of dismissal was entered. The circuit court overruled the motion, and Bickley has brought the matter here for review.

The foregoing statement of facts puts the appellant out of court. His grantor, Ferris, was not a party to the suit of *Galloway v. Chicago & Alton Railway Company*, when the final judgment and decree was entered therein. True he filed a motion to be made a party on the day the decree was rendered, but his motion was not acted on at that time, nor is there any evidence in the record that either Galloway or the railway company had any notice that such a motion had been filed. If Ferris believed he had any interest in the then pending proceeding, he should have given notice of his motion, and by his diligence held off the entry of the decree, or if taken unawares by its entry, moved, before the adjournment of the court for the term to have it set aside. He slept upon his rights, if any he had, in the subject-matter of the litigation, until his opportunity to come in and be made a party to the suit

PARTIES, substitution of after entry of final judgment.

was forever lost. When the court adjourned for that term, the records of the court were closed against him, and the court lost its jurisdiction to make any further orders in the case, and the order made at the following October term, making Ferris a party plaintiff, is a nullity. If his grantee, Bickley, has acquired any rights by his quitclaim deed from Ferris, he will have to assert them by some other proceeding. There is no link in all this record by which he can connect his assigned claim to this ancient judgment, and move to set it aside. But he contends that the judgment is void. If so, then it is not in his way, and can not operate as a bar to any rights he may have acquired from Ferris.

For the reasons herein stated, the judgment is affirmed. All the judges concur.